FLYNN, J.,
concurring. I concur with the majority opinion but write separately because, although it would not change the result in this case, I fail to see how the interlocutory summary judgment that the trial court rendered on “liability” could find the defendant personally hable for anything as a matter of law.
Section 17-50 of the Practice Book entitled “Triable Issue as to Damages Only,” provides in pertinent part: *795 “A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages. . . .” This rule is designed to deal with cases where a plaintiff is liable for some amount of at least nominal damages. When used before the court has determined what type of foreclosure judgment may enter, there is no certainty that the defendant debtor is liable even for nominal damages.
This was an action to foreclose a mortgage, not simply a suit on a note. Although a mortgage note was signed by the defendant, Lynn DeGennaro, together with a mortgage deed, at the time of entry of the interlocutory “summary judgment on liability,” there was no legal basis to determine that the defendant had any personal liability. This is so because the court had not determined whether the judgment of foreclosure would be a strict foreclosure, which would be rendered if there were no redemption and vest title in the plaintiff mortgagee, or a foreclosure by sale at auction. If a strict foreclosure judgment and there were a redemption, there could be no future monetary liability on the defendant. If a strict foreclosure judgment, no redemption, and no plaintiffs timely deficiency motion “[a]t any time within thirty days after the time limited for redemption expired,”[1] there would not be a money judgment against the defendant debtor. If a foreclosure by sale, and the sales proceeds would not fully compensate the foreclosing creditor in full, “the deficiency shall be determined” pursuant to General Statutes § 49-28. Under that statute, if the plaintiff were the party who moved for foreclosure by sale, “no judgment shall be rendered in the [foreclosure] suit or in any other” until one half of the difference *796 between the appraised value and the selling price has been credited. As pointed out in the treatise by Denis Caron and Geoffrey Milne, “[ujnder certain circumstances . . . this formula may operate to eradicate the deficiency completely.”[2]
Under these circumstances, although it has become very common, making a motion for interlocutory summary judgment on liability in a foreclosure case is the procedural equivalent of trying to drive a nail with the blade of a saw.

 General Statutes § 49-14 (a).

 D. Caron & G. Milne, Connecticut Foreclosures (5th Ed. 2011) § 10-5:2, p. 575.